UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60415-CIV-DIMITROULEAS

ASUS COMPUTER INTENATIONAL,
a California corporation,

   Plaintiff,

vs.

SYSTEMAX, INC., a Delaware
corporation, and AFLIGO
MARKETING SERVICES, INC.
f/k/a WORLDWIDE REBATES,
INC., a Florida corporation,

   Defendant.

_____/

## **REPORT AND RECOMMENDATION**

   THIS CAUSE is before the Court on the Plaintiff's Motion for Default Judgment (ECF No. 51) which was referred to United States Magistrate Judge Lurana S. Snow, for Report and Recommendation on the amount of damages and costs.  The Defendants have not responded, and an evidentiary hearing was conducted on the Motion on August 20, 2020.  At the hearing, the undersigned ordered supplemental briefing, which the Plaintiff filed on August 27, 2020.

   The Plaintiff filed this action on February 15, 2019, asserting claims for breach of contract, fraud in the inducement and breach of fiduciary duty.  The Complaint alleged that the Plaintiff and Defendant Afligo (Afligo) entered into a rebate contract, pursuant to which the Defendant invoiced the Plaintiff for rebates that never were paid to the Plaintiff's customers.  It further alleged that the total amount of

rebates paid appeared to be at least $821,560.00.  (ECF No. 1, ¶ 11) Counts II and III of the Complaint request compensatory and punitive damages.  Id. at ¶¶ 23, 29.

On August 30, 2019, the Clerk of Court entered a default against Afligo (ECF No. 41) and on September 30, 2019, the Plaintiff filed the instant Motion for Entry of Default Final Judgment. (ECF No. 51)  On June 12, 2020, this Court entered its Final Default Judgment as to liability in favor of the Plaintiff and against Afligo. (ECF No. 133)

## I. DISCUSSION

### A. Damages

At the evidentiary hearing on the instant Motion, the Plaintiff presented sworn testimony and documentary evidence (ECF Nos. 139-1, 139-2) which established that the value of the unpaid rebates as of June 5, 2018, was $902,662.36 and the total amount of prejudgment interest was $128,961.26 for the period of June 6, 2018 through August 27, 2020. (ECF No. 143)  The resulting compensatory damage amount is $1,031,623.62.

The Plaintiff also seeks an award of punitive damages in connection with its claims of fraud in the inducement and breach of fiduciary duty.  In Florida, punitive damages may be awarded "when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of others." W.R. Grace & Co. v. Waters, 638 So. 2d 290 502, 503 (Fla. 1994).   The Plaintiff correctly points out that Afligo's failure to answer the Complaint establishes by default the Plaintiff's entitlement to punitive damages.  Fostock v. Lampasone, 711 So. 2d 1154 (Fla. 4th DCA 1998). Under the circumstances of this case, the undersigned agrees with the Plaintiff that an appropriate punitive damages award is an amount equal to the amount of unpaid

rebates: $902,662.36.   Thus, the total amount of damages owed by Afligo is $1,934,285.98.

## B. Costs

The Plaintiff requests an award of costs in the total amount of $480.00, consisting of the $400.00 filing fee and $80.00 for service of process. (ECF No. 51-1 at3) Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit.   Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome.   Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority.   Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In the instant case, the $400.00 filing fee clearly is taxable as a fee of the Clerk. The Plaintiff also seeks to tax costs in the amount of $80.00 for service of

process. The Plaintiff has not attached any invoice from the process server and the undersigned presumes that the Plaintiff utilized a private process server rather than having the Marshal serve the complaint on the defendants.  This  is permissible provided the rate charged does not exceed the cost of having a U.S. Marshal effect service.  E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000).  The current rate charged by the U.S. Marshal is $65.00 per hour (or portion thereof) for each person served, plus travel costs and other out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3). Since the claimed cost of $80.00 exceeds the amount which would have been charged by the Marshal, and the Plaintiff has not attached any documentation or explanation for the amount claimed, the Plaintiff is entitled to an award of $65.00 for service of process.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Plaintiff be awarded compensatory damages in the amount of $1,031,623.62, inclusive of pre-judgment interest, and punitive damages in the amount of $902,662.36, for a total damage award of $1,934,285.98, and costs in the amount of $465.00.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with  the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C.

§ 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

       DONE AND SUBMITTED at Fort Lauderdale, Florida, this 31st day of August, 2020.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record